# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 30, 2021

| | | |
|---|---|---|
| DELORIS HARRELL, | * | No. 17-795V |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Dismissal; Deceased Petitioner; Failure to Substitute |
| Respondent. | * | |

Deloris Harrell, *pro se*, Montgomery, AL.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 14, 2017, Deloris Harrell ("Petitioner") filed a petition through counsel for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that she suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccination received on March 26, 2015. Pet. at 1, ECF No. 1.

On October 10, 2019, I ordered Petitioner to file an expert report by December 27, 2019. ECF No. 58 at 1. On January 6, 2020, Petitioner moved for an extension of time of sixty days to produce her expert report. ECF No. 59. After not receiving correspondence from Petitioner following her motion, I ordered Petitioner to show cause why her case should not be dismissed for failure to prosecute on July 24, 2020. ECF No. 61. I granted Petitioner until August 24, 2020, to file her expert report. *Id.* at 2.

Petitioner did not meet her August 24, 2020 deadline. On November 19, 2020, my chambers attempted to contact Petitioner regarding her missed deadline at the phone number on

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

record for her, which belonged to a care facility where Petitioner resided. Informal Comm., docketed Nov. 19, 2020. A representative at the facility communicated that Petitioner no longer resided at the facility. *Id.*

On December 4, 2020, Respondent filed a status report in response to the above-referenced informal communication. ECF No. 62. Respondent reported that his counsel had located a "Social Security Administration Death Record, which appears to show that [P]etitioner died on June 4, 2020." *Id.* Respondent attached the record in question. ECF No. 62-1. All identifying information in the record is consistent with the information provided in Petitioner's earlier case filings. *See id.*

Chambers had a phone number on record for Petitioner's daughter, Leatha Elmore, who had previously been granted power of attorney. *See* Pet'r's Ex. 18 at 7, ECF No. 47-2; Pet'r's Ex. 19, ECF No. 47-3. Chambers called Ms. Elmore on December 9, 2020. Informal Comm., docketed Dec. 9, 2020. Ms. Elmore indicated that she intended to become the executor of Petitioner's estate. *Id.* On January 15, 2021, Chambers contacted Ms. Elmore via email and directed her to advise the Court on her efforts to become the executor of Petitioner's estate and her intentions regarding this case by February 1, 2021. Informal Comm., docketed Jan. 15, 2021. During a January 21, 2021 phone call, Ms. Elmore reported that she was looking into her options regarding becoming executor of Petitioner's estate and that she would contact Chambers with an update. Informal Comm., docketed Jan. 21, 2021. After not receiving further communication from Ms. Elmore, Chambers emailed her and directed her to file documentation indicating that she was the executor of the estate by February 16, 2021, if she wished to continue the case. Informal Comm., docketed Feb. 10, 2021. Chambers has not received further communication from Ms. Elmore or from anyone else wishing to continue this case.

The Vaccine Rules do not address the death of a petitioner, but special masters consult the Rules of the United States Court of Federal Claims ("RCFC") in the absence of specific direction from the Vaccine Rules. *See* Vaccine Rule 1(c). Rule 25 of the RCFC specifies that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party . . . If the motion is not made within 90 days after service of a statement noting the death, the action by the decedent must be dismissed." RCFC 25(a)(1). In this case, more than 90 days have passed since Petitioner's death and since the record first indicated such. Although the record does not include a "statement of death[,]" Petitioner's death is undisputed. The record filed by Respondent indicates that Petitioner passed away on June 4, 2020. ECF No. 62-1. Ms. Elmore acknowledged Petitioner's death when contacted by Chambers on December 9, 2020. *See* Informal Comm., docketed Dec. 9, 2020. Thus, 142 days have elapsed since Ms. Elmore confirmed Petitioner's passing.

Pursuant to RCFC 25, this case must be dismissed. Furthermore, I deem dismissal appropriate because I have afforded Ms. Elmore ample opportunity to elect to continue Petitioner's case. Because Chambers has not received communication from Ms. Elmore or any other member of Petitioner's family since January 21, 2021, I conclude that Petitioner's family is not interested in continuing this case.

Therefore, this case must be **dismissed due to the lack of a proper petitioner to maintain the action. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

              <u>s/Herbrina D. Sanders</u>
              Herbrina D. Sanders
              Special Master